UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

YINJIE FAN,

        Plaintiff,        Case No.
                              Hon.

vs.

FUYAO AUTOMOTIVE
NORTH AMERICA, INC.,
a Michigan corporation,

        Defendant.
_____/
Carol A. Laughbaum (P41711)
Raymond J. Sterling (P34456)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com
rsterling@sterlingattorneys.com
_____/

# COMPLAINT AND JURY DEMAND

Plaintiff Yinjie Fan, by her attorneys, Sterling Attorneys at Law, P.C., for her Complaint against Defendant, submits the following:

**JURISDICTION AND PARTIES**

1. This is an action for pregnancy/sex discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* and for

violations of the Family and Medical Leave Act, 29 USC 2601 *et seq.,* arising out of Plaintiff's employment relationship with Defendant.

2. Plaintiff Yinjie Fan ("Plaintiff," "Fan" or "Plaintiff Fan") resides within the Eastern District of Michigan.

3. Defendant Fuyao Automotive North America, Inc. ("Defendant" or "Defendant Fuyao") is a Michigan corporation that conducts business and maintains its principal place of business in the Eastern District of Michigan.

4. This Court has jurisdiction of Plaintiff's claims pursuant to 28 USC 1331 (federal question), and 28 USC 1367 (supplemental jurisdiction).

## BACKGROUND FACTS

5. Plaintiff Fan, who was born in China, has a masters degree in industrial engineering from Penn State University.

6. On or about December 11, 2017, Plaintiff Fan became employed by Defendant Fuyao as a Program Manager at the company's Plymouth, Michigan location.

7. Defendant Fuyao is a manufacturer of automotive glass and its parent company is headquartered in China.

8. The president of Defendant Fuyao, Shujun Wu, as well as most of the managers at Fuyao's Plymouth location, were born in China.

9. Throughout her employment with Defendant, Plaintiff Fan performed her job duties in a manner that was satisfactory or better.

10. In March 2018, Plaintiff discovered she was pregnant, with a due date in December 2018.

11. On or about April 27, 2018, Plaintiff Fan informed Mr. Wu of her pregnancy.

12. As of approximately April 30, 2018, Wu had taken away all of Plaintiff Fan's accounts and re-assigned them to other Program Managers.

13. Plaintiff sought out work, which included assisting the Quality Director with document control tasks; and assisting the Program Manager for Volkswagen.

14. In approximately late August 2018, Plaintiff Fan, at the request of Manager of Program Management/Sales Manager Samuel Chen, began working for Chen as a Sales Analyst.

15. Beginning December 4, 2018, Plaintiff went on a leave for childbirth.

16. Effective December 11, 2018, Plaintiff's leave was covered by the Family and Medical Act (FMLA).

17. Plaintiff returned to work from FMLA leave on or about February 18, 2019.

18. Plaintiff was, without explanation, denied her annual bonus for 2018.

19. On or about March 1, 2019, Defendant's Human Resources Manager, Barry Thomas, advised Plaintiff that she was being laid off at the end of the month, and that it was Mr. Wu's decision.

20. Thomas advised Plaintiff that her performance was good, and that she could work through the end of the month.

21. At least two managers at Defendant Fuyao requested that Plaintiff be allowed to move into their departments; Wu refused.

22. Plaintiff was informed by a colleague, who was close to Mr. Wu, that Wu was upset with Plaintiff for becoming pregnant soon after she was hired, and planned to fire her because of her pregnancy.

## COUNT I

### *Pregnancy/Sex Discrimination*
### *Michigan's Elliott Larsen Civil Rights Act*

23. Plaintiff incorporates the preceding paragraphs by reference.

24. At relevant times, Plaintiff was an employee and Defendant was her employer covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2201.

25. Michigan's ELCRA prohibits sex discrimination, which includes discrimination on the basis of pregnancy and childbirth. MCL 27.2201(d).

26. Defendant's treatment and termination of Plaintiff, as described above, was based, at least in part, on unlawful consideration of her pregnancy.

27. Defendant was predisposed to discriminate against Plaintiff based on her pregnancy.

28. The actions of Defendant were deliberate and intentional, and engaged in with reckless indifference to the rights and sensibilities of Plaintiff.

29. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, she has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT II

### *Family and Medical Leave Act Violations*

30. Plaintiff incorporates the preceding paragraphs by reference.

31. At all relevant times, Plaintiff was an employee and Defendant was her employer by and within the meaning of the Family and Medical Leave Act (FMLA), 29 USC 2601, *et seq.*

32. At relevant times, Plaintiff was engaged in an activity protected by the FMLA.

33. At relevant times, Defendant knew the Plaintiff was exercising her rights under the FMLA.

34. Defendant unlawfully and wrongfully retaliated against Plaintiff for exercising her rights under the FMLA by marginalizing her, demoting her, and terminating her employment.

35. The actions of Defendant were deliberate and intentional, and engaged in with reckless indifference to the rights and sensibilities of Plaintiff.

36. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, she has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiff Yinjie Fan demands judgment against Defendant as follows:

**A. Legal Relief**

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary damages in whatever amount she is found to be entitled;

3. Liquidated damages in whatever amount she is found to be entitled;

4. A judgment for lost wages and benefits in whatever amount she is found to be entitled;

5. An award of interest, costs and reasonable attorney fees; and

6. Whatever other legal relief appears appropriate at the time of final judgment.

**B. Equitable Relief:**

1. An injunction out of this Court prohibiting any further acts of wrong-doing;

2. An award of interest, costs and reasonable attorney fees; and

3. Whatever other equitable relief appears appropriate at the time of final judgment.

## JURY DEMAND

Plaintiff Yinjie Fan, by her attorneys, Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Carol A. Laughbaum
Carol A. Laughbaum (P41711)
Attorney for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: May 31, 2019