UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YINJIE FAN,

    Plaintiff,                                             Civil Action No. 19-CV-11613

vs.                                                    HON. BERNARD A. FRIEDMAN

FUYAO AUTOMOTIVE
NORTH AMERICA, INC.,

    Defendant.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTIONS IN LIMINE**

This matter is presently before the Court on defendant's motions in limine – one requesting that the Court "exclude certain double hearsay evidence" (ECF No. 43) and the other requesting that the Court "exclud[e] and/or limit[] plaintiff's 'back pay' and exclud[e] plaintiff's 'front pay' damages as a result of her admitted failure to mitigate." (ECF No. 44). Plaintiff has responded and defendant has replied to both motions. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the following reasons, the motions are denied without prejudice.

**I. Background**

As the Court previously summarized:

This is a pregnancy/sex discrimination case. Plaintiff, Yinjie Fan, is a former employee of defendant Fuyao Automotive North America, Inc. ("FANA"), an automotive glass manufacturer and subsidiary of the Fuyao Industry Group, Ltd. Plaintiff alleges that on December 11, 2017, she was hired as a program manager at defendant's Plymouth, Michigan, location. On or about April 27, 2018, plaintiff allegedly informed FANA president Shujun Wu that she was pregnant. Approximately three days later, Wu had allegedly "taken away all of Plaintiff Fan's accounts and re-assigned them to

other Program Managers." In December 2018, plaintiff went on maternity leave, having successfully sought out other responsibilities at FANA (as a program manager and sales analyst) in the interim. On or about February 18, 2019, plaintiff returned to work. Plaintiff was allegedly denied her annual bonus for 2018 "without explanation" and was laid off in March, one month after returning from maternity leave. A colleague[, Binwu 'Phil' Chen,] allegedly informed plaintiff that, although her performance had been good, "Wu was upset with Plaintiff for becoming pregnant soon after she was hired, and planned to fire her because of her pregnancy."

Plaintiff's complaint contains three claims: pregnancy/sex discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") (Count I); unlawful retaliation in violation of the Family and Medical Leave Act ("FMLA") (Count II); and pregnancy/sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act (Count III). For relief, plaintiff seeks compensatory, liquidated, and punitive damages, as well as an injunction prohibiting defendant from engaging in similar acts in the future.

*Fan v. Fuyao Auto. N. Am., Inc.*, No. 19-CV-11613, 2021 WL 5444756, at *1 (E.D. Mich. July 26, 2021) (citations omitted). On March 30, 2021, defendant filed a motion for summary judgment (ECF No. 27), which the Court denied on July 26, 2021. (ECF No. 39). Defendant now seeks to exclude certain evidence from trial.

**II. Legal Standard**

Another judge in this district has explained that:

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion in limine is to eliminate "evidence that is clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. [Gen. Elec.]*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions in limine "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co.*, 326 F. Supp. 2d at

>846.
>
>>Although neither the Federal Rules of Evidence, nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the Supreme Court has allowed district courts to rule on motions in limine "pursuant to the district court's inherent authority to manage the course of trials." *See Luce*, 469 U.S. at 41 n.4.
>
>>A district court should grant a motion to exclude evidence in limine "only when [that] evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of a motion to exclude evidence in limine does not necessarily mean that the court will admit the evidence at trial. *See Luce*, 469 U.S. at 41.

*Wright v. Best Recovery Servs. LLC*, No. 14-CV-12476, 2015 WL 6468135, at *1 (E.D. Mich. Oct. 27, 2015).

## III. Defendant's Motion in Limine to Exclude Certain Double Hearsay Evidence

Defendant's first motion in limine challenges the admissibility of statements made by plaintiff's colleague, Binwu "Phil" Chen, about defendant's president, Shujun Wu. (ECF No. 43, PageID.821). Specifically, Chen allegedly told plaintiff that Wu was unhappy with her pregnancy and therefore intended to fire her. (*Id*., PageID.828, 831-32). Chen also sent plaintiff text messages to this effect. (*Id*., PageID.828, 833-34). Chen subsequently testified that he did make these statements, but that they were false and were only made to boost Chen's sense of importance. (*Id*., PageID.832-33). Defendant adds that Wu has denied that such a conversation ever occured. (*Id*., PageID.833). Defendant contends that Chen's statements about Wu constitute double-hearsay or "hearsay within hearsay – in other words, an out of court statement offered for the truth of the matter asserted which includes within it another out of court statement offered for the truth

3

of the matter asserted." (*Id.*, PageID.836) (internal quotation marks omitted).

In response, plaintiff argues that Chen's statements do not constitute inadmissible hearsay. As to the first level of hearsay – Wu's sentiments and statements that were relayed by Chen – plaintiff argues that to the extent that Chen was describing Wu's demeanor, the information conveyed would not constitute an inadmissible "statement." (ECF No. 48, PageID.990). *See* Fed. R. Evid. 801(a). Further, to the extent that Chen was in fact repeating Wu's alleged statements, such comments would fall within the hearsay exception for party admissions. (*Id.*). *See* Fed. R. Evid. 801(d)(2). As to the second level of hearsay – Chen's statements themselves – plaintiff contends that although Chen's credibility is in question, he is available to testify at trial and, "unless Mr. Chen contradicts his sworn deposition testimony, he will be confirming, *in court*, that he made the statements at issue." (*Id.*, PageID.991) (emphasis in original). Therefore, plaintiff contends, Chen's statements "are not hearsay at all." (*Id.*).

Pursuant to the Federal Rules of Evidence, inadmissible "hearsay" is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). In this context, "statement" is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). Certain out-of-court statements that are introduced into evidence for the truth of the matter asserted nonetheless do not constitute inadmissible hearsay. Such statements include those made by an opposing party, either in the party's "individual or representative capacity," Fed. R. Evid. 801(d)(2)(A), or by "the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). The Sixth Circuit has explained that "[f]or double-hearsay statements to be

4

admissible, each separate statement must either be excluded from the hearsay definition or fall within a hearsay exception." *Back v. Nestle USA, Inc.*, 694 F.3d 571, 578 (6th Cir. 2012).  Here, plaintiff contends that each separate statement at issue is excluded from the hearsay definition and therefore should be deemed admissible at trial.

**IV. Defendant's Motion in Limine to Exclude and/or Limit Plaintiff's Back Pay and Exclude Plaintiff's Front Pay Damages**

Defendant's second motion in limine requests that the Court limit plaintiff's back pay and front pay damages.  Defendant contends that

> Fan has admitted that upon her termination from FANA:  (1) She turned down a job at the same salary she earned at FANA (which would have completely mitigated any front pay damages) in favor of a job that paid $20,000 less a year; (2) rather than looking for a new job, she chose to go on a six week vacation in China; and, (3) she failed to timely obtain an [Employment Authorization Document ("EAD")] which would have allowed her to start working earlier and would have aided her job search.

(ECF No. 44, PageID.899).  Defendant argues that plaintiff "is not entitled to turn down comparable employment at the same salary in favor of lesser paying work and claim the difference from FANA." (*Id.*).  Likewise, defendant adds, "the law requires that any possible recovery of back pay and front pay be reduced by any time periods where Fan was not working toward mitigating her damages." (*Id.*).  For these reasons, defendant contends that plaintiff's "claimed back/front pay must be limited to a maximum of $52,884.61." (*Id.*, PageID.900).

In response, plaintiff states that she was unemployed for nine months after defendant fired her, she continued to pursue employment while in China, and she accepted the first position she was offered.  (ECF No. 47, PageID.972).  Moreover, plaintiff argues that defendant bears the burden at trial to prove that she has failed to mitigate her damages and it is for the jury to decide

5

whether plaintiff's mitigation efforts were unreasonable. (*Id*., PageID.974-76). Plaintiff adds that the Court need not adopt defendant's back/front pay calculation of $52,884.61, but rather the amount to which plaintiff is entitled should be left to the jury to decide. (*Id*., PageID.976-78).

As to back pay damages, another judge in this district has explained that "if a plaintiff fails to make reasonable efforts to mitigate [her] damages, [s]he loses the right to claim 'full' back pay as damages." *Chisolm v. Mich. AFSCME Council 25*, 218 F. Supp. 2d 855, 863 (E.D. Mich. 2002). However, "[t]he question of whether an employee was reasonable in 'not seeking' or 'accepting particular employment' is a question for the jury, not the court." *Id*. As to front pay, "[w]hile the determination of the precise amount of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court." *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 406 (6th Cir. 2003) (internal quotation marks omitted). The Sixth Circuit has explained that

> in awarding front pay, the district court should consider the following factors: (1) the employee's future in the position from which she was terminated; (2) her work and life expectancy; (3) her obligation to mitigate her damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of future damages; and (6) other factors that are pertinent in prospective damage awards. Further, [w]hen a district court determines that front pay is appropriate because reinstatement is inappropriate or infeasible, the court must make its award of front pay reasonably specific as to duration and amount, and the amount of a front pay award must be reduced to present value.

*Madden v. Chattanooga City Wide Serv. Dept.*, 549 F.3d 666, 679 (6th Cir. 2008) (internal quotation marks and citations omitted).

**V. Analysis**

Having reviewed the parties' briefs and relevant case law, the Court concludes that defendant has not demonstrated that the evidence at issue is clearly inadmissible on all potential grounds. Regarding Chen's statements, the Court believes that the requested evidentiary ruling would benefit from additional context regarding the alleged statements and their intended use at trial. Regarding the exclusion or limitation of plaintiff's back pay and front pay damages, "[t]he Court does not see how that determination can be made . . . in the absence of evidence on the point, which is what the defendant[] seek[s] to exclude. Moreover, the rule in this circuit is that the amount of back or front pay is to be determined by the jury." *Figgins v. Advance Am. Cash Advance Ctr. of Mich., Inc.*, 482 F. Supp. 2d 861, 871 (E.D. Mich. 2007). The Court will therefore defer these evidentiary rulings until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context and on a fully developed record. Accordingly,

IT IS ORDERED that defendant's motions in limine (ECF Nos. 43, 44) are denied without prejudice. Defendant is free to renew these motions at trial.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: February 24, 2022　　　SENIOR UNITED STATES DISTRICT JUDGE
　　　Detroit, Michigan